UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIN OK SO and JINGZI LI, *individually and on behalf of others similarly situated,* | Case No.: |
| *Plaintiff,* | **COMPLAINT** |
| - against – | **COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION** |
| SPA CASTLE INC., SPA CASTLE PREMIER 57 INC., SPA CASTLE TEXAS INC. and STEVE S. CHON, | |
| *Defendants.* | |

Plaintiffs MIN OK SO and JINGZI LI ("Plaintiffs"), individually and on behalf of others similarly situated, by and through their attorneys, Jung & Associates, P.C., upon information and belief, and as against each of Defendants SPA CASTLE INC., SPA CASTLE PREMIER 57 INC., SPA CASTLE TEXAS INC. and STEVE S. CHON (Collectively "Defendants"), alleges as follows:

## NATURE OF ACTION

1.       Plaintiffs MIN OK SO and JINGZI LI are former employees of Defendants SPA CASTLE INC., SPA CASTLE PREMIER 57 INC., SPA CASTLE TEXAS INC. and STEVE S. CHON.

2.       Upon information and belief, SPA CASTLE INC., is a New York Corporation engaging in owned by STEVE S. CHON.

3.       Upon information and belief, SPA CASTLE PREMIER 57 INC., is a New York Corporation engaging in owned by STEVE S. CHON.

4.       Upon information and belief, SPA CASTLE TEXAS INC., is a Texas Corporation engaging in owned by STEVE S. CHON.

5.      Upon information and belief, Defendant Steve S. Chon serve or served as owners, managers, principal or agents of SPA CASTLE INC., SPA CASTLE PREMIER 57 INC. and SPA CASTLE TEXAS INC.

6.      Plaintiffs are former employees of Defendants.

7.      Plaintiffs were employed as Chefs.

8.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without receiving the applicable minimum wage or appropriate compensation for the hours over 40 per week that they worked.

9.      Rather, Defendants failed to maintain accurate recordkeeping of Plaintiffs' hours worked, failed to pay Plaintiffs the applicable minimum wage, and failed to pay them appropriately for any hours worked over 40, either at the straight rate of pay or for any additional overtime premium.

10.     Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

11.     At all relevant times, regardless of duties, Defendants paid Plaintiffs at a rate that was lower than the required minimum wage rate.

12.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing them the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq*., and "overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 § 146 and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. &REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiffs now bring this action as a class action under Rule 23 and seeks certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate substantial part of their business in this district, and Plaintiffs were employed by Defendants in this district.

## PARTIES

18.     Plaintiff Min Ok So ("Plaintiff So") is an adult individual residing in Queens County, New York.

19.        Plaintiff So was employed by Defendants from approximately May 2015 until March 2020.

20.        Plaintiff Jingzi Li ("Plaintiff Li") is an adult individual residing in Queens County, New York.

21.        Plaintiff Li was employed by Defendants from approximately May 2016 until March 2020.

22.        Upon information and belief, at all times relevant to this complaint, Defendant SPA CASTLE INC. ("Defendant Spa Castle") owns, operates, and/or controls a Spa located at 131-10 11th Avenue, College Point, New York 11356 under the name Spa Castle.

23.        Upon information and belief, at all times relevant to this complaint, Defendant SPA CASTLE PREMIER 57 INC. ("Defendant Premier 57") owns/owned, operates/operated, and/or controls/controlled a Spa located at 115 East 57th Street 8F, New York, New York, 10022 under the name of Premier 57.

24.        Upon information and belief, at all times relevant to this complaint, Defendant SPA CASTLE TEXAS INC. ("Defendant Spa Texas") owns/owned, operates/operated, and/or controls/controlled a Spa located at 1020 Railford Road, Carrollton, Texas 75007 under the name of Spa Castle.

25.        Upon Information and belief, individual Defendant Steve S. Chon ("Defendant Chon") has been engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Chon is sued individually in his capacity as an owner, officer and/or agent of SPA CASTLE INC., SPA CASTLE PREMIER 57 INC. and SPA CASTLE TEXAS INC. ("Corporate Defendants").

26.        Upon Information and belief, individual Defendant Chon possesses or possessed operational control over Corporate Defendants, an ownership interest in Corporate Defendants, or controlled significant functions of Corporate Defendants.

27.        Upon Information and belief, Defendant Chon determined the wages and compensation of the employees of Defendants, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

28.        Upon information and belief, at all times relevant to this complaint, Defendant SPA CASTLE INC. owns, operates, and/or controls a Spa located at 131-10 11 Avenue, College Point, New York 11356 under the name Spa Castle.

29.        Upon information and belief, at all times relevant to this complaint, Defendant SPA CASTLE PREMIER 57 INC. owns/owned, operates/operated, and/or controls/controlled a Spa located at 115 East 57th Street 8F, New York, New York, 10022 under the name of Premier 57.

30.        Upon information and belief, at all times relevant to this complaint, Defendant SPA CASTLE TEXAS INC. ("Defendant SPA TEXAS") owns/owned, operates/operated, and/or controls/controlled a Spa located at 1020 Railford Road, Carrollton, Texas 75007 under the name of Spa Castle.

31.        Upon information and belief, individual Defendant Chon possess operational control over Corporate Defendants, possess an ownership interest in Corporate Defendants, and control significant functions of Corporate Defendants.

32.    Upon information and belief, Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

33.    Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

34.    Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36.    Upon information and belief, individual Defendant Chon operates Corporate Defendants as either alter egos of himself, and/or fails to operate Corporate Defendants as legal entities separate and apart from himself by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Corporate Defendants as separate and legally distinct entities;

(b) defectively forming or maintaining Corporate Defendants by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Corporate Defendants for his own benefit as the sole or majority shareholders;

(e) operating Corporate Defendants for his own benefit and maintaining control

over these corporations as closed Corporation or closely controlled entities;

(f) intermingling assets and debts of his own with Corporate Defendants;

(g) diminishing and/or transferring assets of Corporate Defendants to protect his

own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

37.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

38.     Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

39.     In each year from 2015 to 2020, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

40.     In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used on a daily basis, such as meat and vegetable, were produced outside of the State of New York.

*Individual Plaintiffs*

41.     Plaintiffs are former employees of Defendants, employed in performing the duties of Chef.

42.        Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C.
§ 216(b).

*Plaintiff Min Ok So*

43.        Plaintiff So was employed by Defendants from approximately May 2015 until
March 2020.

44.        Defendants employed Plaintiff So as a Chef of dining places in the Spas
Corporate Defendants owns/owned, operates/operated, and/or controls/controlled.

45.        Plaintiff So regularly handled goods in interstate commerce produced outside of
the State of New York.

46.        Plaintiff So's work duties required neither discretion nor independent judgment.

47.        While Plaintiff So was employed by Defendants, Plaintiff regularly worked in
excess of 40 hours per week.

48.        From May 2015 to July 2015, Plaintiff So worked for Defendant Spa Castle.
Plaintiff So normally worked from approximately 11:00 a.m. until on or about 8:00 p.m.
for 6 days per week. However, Plaintiff So often was required to work about 1 hour or
more per day. Plaintiff's hourly wage during this period was $ 13 per hour and was paid
by check. However, Plaintiff did not receive any overtime compensations or spread of
hour compensations.

49.        From August 2015 to March 2017, Plaintiff So worked for Defendant 57 Premier.

    (a) From August 2015 to September 2015, Plaintiff So normally worked 77 hours per
        week, from approximately 9:00 a.m. until on or about 10:00 p.m. for 7 days per
        week. Plaintiff received fixed weekly wages in the amount of approximately
        $ 961 (gross amount) during this period. Even though Defendants deducted 1 hour

per day from Plaintiff So's working hours for meal break, Plaintiff So was never allowed to take uninterrupted meal break during this period. However, Plaintiff did not receive any overtime compensations or spread of hour compensations.

(b) From October 2015 to mid February 2017, Plaintiff So was supposed to work 60 hours per week, from 9:00am to 7:00pm for 6 days per week, but Plaintiff So often was required to work about 1-2 hours per day. Thus, Plaintiff So normally worked approximately 68 hours – 72 hours per week. Plaintiff So received fixed weekly wages in the amount of approximately $ 961 (gross amount) during this period. Even though Defendants deducted 1 hour per day from Plaintiff So's working hours for meal break, Plaintiff So was never allowed to take uninterrupted meal break during this period. Plaintiff was paid by check, but the checks indicate that Plaintiff worked only 40 hours. Plaintiff did not receive any overtime compensations or spread of hour compensations.

(c) From late February 2017 to late March 2017, Plaintiff So worked for Spa Texas. During this period, Plaintiff So worked 12 hours per day for 7 days per week. Plaintiff received weekly salary in the amount of approximately $ 961 (gross amount) during this period. Plaintiff received fixed weekly wages in the amount of approximately $ 961 (gross amount) during this period. Plaintiff did not receive any overtime compensations.

50.    From April 2017 to July 2018, Plaintiff did not work for Defendants.

51.    From August 2018 to November 2018, Plaintiff So worked for Defendant Spa Castle. Plaintiff So worked as a part-time employee during this period and was received all required legal wages.

52.     From November 2018 to March 2020, Plaintiff So worked for Defendant 57 Premier. Plaintiff So was supposed to work 47 hours per week, but Plaintiff So often was required to work at least 2 more hours per day. For example, Plaintiff So often had to come to work one hour before her shift started, and had to work more than one hour after her shift ended. Plaintiff's weekly work schedule normally consists of two (2) 11 hour-long work shifts and three (3) 10 hour-long work shifts. In addition, even though Defendants deducted 1 hour per day from Plaintiff So's working hours for meal break, Plaintiff So was never allowed to take uninterrupted meal break during this period. Accordingly, Plaintiff So worked approximately 62 hours per week during this period. Plaintiff received fixed weekly wages in the amount of approximately $ 1,057 (gross amount) during this period. Plaintiff was paid by check, but the checks indicate that Plaintiff worked only 40 hours. Plaintiff So did not receive any overtime compensations or spread of hour compensations.

53.     While Plaintiff So was working for Defendants, Plaintiff So was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

54.     Defendants never granted Plaintiff So any breaks or uninterrupted meal periods of any kind. Plaintiff So was required to eat lunch while he was working.

55.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff So regarding overtime and wages under the FLSA and NYLL.

56.     Defendants did not provide Plaintiff So with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

57.     Defendants never provided Plaintiff So with a written notice, in English and in Korean (Plaintiff So's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Jingzi Li*

58.     Plaintiff Li was employed by Defendants from approximately May 2016 until March 2020.

59.     Defendants employed Plaintiff Li as a Chef of dining places in the Spas Corporate Defendants owns/owned, operates/operated, and/or controls/controlled.

60.     Plaintiff Li regularly handled goods in interstate commerce produced outside of the State of New York.

61.     Plaintiff Li's work duties required neither discretion nor independent judgment.

62.     While Plaintiff Li was employed by Defendants, Plaintiff Li regularly worked in excess of 40 hours per week.

63.     Plaintiff Li did not receive all overtime compensations and/or spread of hour compensations for the hours she worked while she was working for Defendants.

64.     From approximately May 23, 2016 to approximately January 15, 2017, Plaintiff Li worked for Defendant 57. During this period, Plaintiff Li normally worked from 10:00am to 9:00pm on Monday – Thursday, from 1:00pm to 10pm on Friday, 12:00pm to 10pm on Saturday, and from 1:00pm to 9:00pm on Sunday. Plaintiff normally worked 6 days per week. Even though Defendants deducted 1 hour per day from Plaintiff Li's working hours for meal break, Plaintiff Li was never allowed to take an uninterrupted meal break while she was working for Defendant 57 Premier. In addition, Plaintiff Li often had to work approximately 30 minutes after she clocked out on Defendant 57

Premier's fingerprint clock system. Accordingly, Plaintiff Li worked approximately 61-65 hours per week during this period. Plaintiff Li's hourly wage rate during this period was $11, but Defendants paid Plaintiff Li only $720-$740.

65.     From approximately January 16, 2017 to approximately March 5, 2017, Plaintiff Li worked for Defendant Spa Castle. During this period, Plaintiff Li normally worked from 10:00am to 9:00pm on Monday – Thursday, from 1:00pm to 10pm on Friday, 12:00pm to 10pm on Saturday, and from 1:00pm to 9:00pm on Sunday. Plaintiff normally worked 6 days per week. Even though Defendants deducted 1 hour per day from Plaintiff Li's working hours for meal break, Plaintiff Li was never allowed to take an uninterrupted meal break while she was working for Defendant Spa Castle. In addition, Plaintiff Li often had to work approximately 30 minutes after her shift ended. Accordingly, Plaintiff Li worked approximately 61-65 hours per week during this period. Plaintiff Li's hourly wage rate during this period was $12, but Defendants paid Plaintiff Li only $720-$740.

66.     From approximately March 6, 2017 to approximately May 7, 2017, Plaintiff Li worked for Spa Texas. During this period, Plaintiff Li worked 12 hours per day for 7 days per week. Defendants paid Plaintiff Li only $720-$740.

67.     From approximately May 8, 2017 to approximately June 11, 2017, Plaintiff Li worked for Defendant 57. During this period, Plaintiff Li normally worked from 10:00am to 9:00pm on Monday – Thursday, from 1:00pm to 10pm on Friday, 12:00pm to 10pm on Saturday, and from 1:00pm to 9:00pm on Sunday. Plaintiff normally worked 5 days per week. Even though Defendants deducted 1 hour per day from Plaintiff Li's working hours for meal break, Plaintiff Li was never allowed to take an uninterrupted meal break

while she was working for Defendant 57 Premier. In addition, Plaintiff Li often had to work approximately 30 minutes after she clocked out on Defendant 57 Premier's fingerprint clock system. Accordingly, Plaintiff Li worked approximately 50-54 hours per week during this period. Plaintiff Li's hourly wage rate during this period was $14, but Defendants paid Plaintiff Li only $730-$750.

68.    From approximately June 12, 2017 to approximately November 26, 2017, Plaintiff Li worked for Defendant Spa Castle. During this period, Plaintiff Li normally worked from 10:00am to 9:00pm on Monday – Thursday, from 1:00pm to 10pm on Friday, 12:00pm to 10pm on Saturday, and from 1:00pm to 9:00pm on Sunday. Plaintiff normally worked 6 days per week. Even though Defendants deducted 1 hour per day from Plaintiff Li's working hours for meal break, Plaintiff Li was never allowed to take an uninterrupted meal break while she was working for Defendant Spa Castle. In addition, Plaintiff Li often had to work approximately 30 minutes after her shift ended. Accordingly, Plaintiff Li worked approximately 61-65 hours per week during this period. Plaintiff Li's hourly wage rate during this period was $13, but Defendants paid Plaintiff Li only $720-$740.

69.    From approximately November 27, 2017 to approximately February 17, 2018, Plaintiff Li worked for Defendant 57. During this period, Plaintiff Li normally worked from 10:00am to 9:00pm on Monday – Thursday, from 1:00pm to 10pm on Friday, 12:00pm to 10pm on Saturday, and from 1:00pm to 9:00pm on Sunday. Plaintiff normally worked 5 days per week. Even though Defendants deducted 1 hour per day from Plaintiff Li's working hours for meal break, Plaintiff Li was never allowed to take an uninterrupted meal break while she was working for Defendant 57 Premier. In

addition, Plaintiff Li often had to work approximately 30 minutes after she clocked out on Defendant 57 Premier's fingerprint clock system. Accordingly, Plaintiff Li worked approximately 50-54 hours per week during this period. Plaintiff Li's hourly wage rate during this period was $15, but Defendants paid Plaintiff Li only $800-$840.

70.     From approximately February 18, 2018 to approximately March 17, 2020, Plaintiff Li worked for Defendant 57. During this period, Plaintiff Li normally worked from 10:00am to 9:00pm on Monday – Thursday, from 1:00pm to 10:00pm on Friday, 12:00pm to 10:00pm on Saturday, and from 1:00pm to 9:00pm on Sunday. Plaintiff normally worked 5 days per week. Even though Defendants deducted 1 hour per day from Plaintiff Li's working hours for meal break, Plaintiff Li was never allowed to take an uninterrupted meal break while she was working for Defendant 57 Premier. In addition, Plaintiff Li often had to work approximately 30 minutes after she clocked out on Defendant 57 Premier's fingerprint clock system. Accordingly, Plaintiff Li worked approximately 50-54 hours per week during this period. Plaintiff Li's hourly wage rate during this period was $17, but Defendants paid Plaintiff Li only $830-$850.

71.     While Plaintiff Li was working for Defendants, Plaintiff Li was required to keep track of her time, but such records do not accurately reflect her actual hours worked because Plaintiff Li often had to work approximately 30 minutes after she clocked out on Defendant 57 Premier's fingerprint clock system.

72.     Defendants never granted Plaintiff Li any breaks or uninterrupted meal periods of any kind. Plaintiff Li was required to eat lunch while she was working.

73.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Li regarding overtime and wages under the FLSA and NYLL.

74.     Defendants did not provide Plaintiff Li with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

75.     Defendants never provided Plaintiff Li with a written notice, in Chinese (Plaintiff Li's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

76.     Defendants regularly required Plaintiffs to work in excess of forty (40) hours per week without paying him the proper minimum wage, overtime, or spread of hour compensation as required by federal and state laws.

77.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate minimum wage and/or overtime compensation, as required by federal and state laws.

78.     As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

79.     Defendants habitually required their employees, including Plaintiffs, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

80.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring their employees, including Plaintiffs, to work additional hours after they punch out their time cards.

81.     During their employment with Defendants, Plaintiffs (and all similarly situated employees) were not even paid at the required minimum wage.

82.     Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum and overtime wage rate.

83.     By employing these practices, Defendants avoided paying Plaintiffs the minimum wage for their regular hours and overtime compensation of time and a half for all of their hours worked in excess of forty (40) hours per week.

84.     At all relevant times, Defendants failed to post required wage and hour posters in any of their business places, and did not provide Plaintiffs with statutorily required wage and hour records or statements of their pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiffs' relative lack of sophistication in wage and hour laws.

85.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) the minimum wage, (3) for overtime due and (4) the spread of hours pay.

86.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

87.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former employees of Defendants.

88.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

89.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and before a change in pay rate(s), allowances claimed or payday, a statement in English and the employees' primary language of Korean, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.      Plaintiffs bring their FLSA claims for minimum and overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all similarly situated persons (the "FLSA and Rule 23 class members") who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

91.      At all relevant times, Plaintiffs and other members of the FLSA and Rule 23 Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, and overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

92.      The claims of Plaintiffs stated herein are similar to those of the other employees.

## FEDERAL RULE 23 CLASS ACTION ALLEGATIONS

93.      Plaintiffs sue on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

94.      Plaintiffs bring their New York Labor Law minimum wage, overtime, spread-of-hours, wage deduction, and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case

(the"Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class."

95.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

96.     There are questions of law and fact common to the Class including:

(a) What proof of hours worked is sufficient where Defendants fail in their duty to maintain time records;

(b) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

(c) What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of at least minimum wages for all hours worked;

(d) Whether Defendants failed and/or refused to pay Plaintiffs the minimum wage and

overtime at the premium rate within the meaning of the New York Labor Law;

(e) Whether Defendants failed and/or refused to pay Plaintiffs "Spread of Hours" Pay;

(f) Whether Defendants improperly deducted "shorts" from the Plaintiffs' wages;

(g) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

(h) What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect

whether the class was paid at overtime rates for minimum wage and overtime work.

97.    The claims of the representative parties are typical of the claims of the class.

98.    Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, non-payment of wages, and failure to keep required records. The job duties of the named Plaintiffs were and are typical of those of class members.

99.    The representative parties will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The Named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

100.    The common questions of law and fact predominate over questions affecting only individual members.

101.    A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

102.    Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

105.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

106.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

107.    Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

108.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

109.    Plaintiffs (and the FLSA and Rule 23 Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA OVERTIME PROVISIONS

110.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

111.     At all times relevant to this action, Defendants were Plaintiffs' employers (and employers of the putative FLSA and Rule 23 Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

112.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

113.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

114.     Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

115.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

116.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

117.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

118.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs (and the FLSA and Rule 23 class members), controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

119.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs (and the FLSA and Rule 23 class members) less than the minimum wage.

120.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

121.    Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK STATE
LABOR LAW'S OVERTIME PROVISIONS**

122.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

123.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*. and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

124.    Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

125.     Plaintiffs (and the FLSA and Rule 23 class members) were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR**

126.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

127.     Defendants failed to pay Plaintiffs (and the FLSA and Rule 23 class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

128.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 class members) an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

129.     Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW**

130.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.     Defendants failed to provide Plaintiffs (and the FLSA and Rule 23 class members) with a written notice, in Korean and Chinese (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

132.     Defendants are liable to each of Plaintiffs in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS
OF THE NEW YORK LABOR LAW**

133.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

134.     Defendants did not provide Plaintiffs (and the FLSA and Rule 23 class members)

with a statement of wages with each payment of wages, as required by NYLL 195(3).

135.     Defendants are liable to each of Plaintiffs in the amount of $5,000, together with

costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF NEW YORK LABOR LAW—FAILURE TO PROVIDE MEAL
PERIODS**

136.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.     The NYLL requires that employees provide: a noon day meal period of at least

thirty (30) minutes for employees who work a shift of more than six hours extending over

the noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5

p.m. and 7 p.m. of at least twenty (20) minutes for employees whose shift started before

11 a.m. and continues later than 7 p.m.; and/or a forty-five (45) minute meal period at a

time midway between the beginning and end of the shift for employees whose shift lasts

more than six hours and starts between 1 p m. and 6 a.m. NYLL § 162.

138.     Defendants failed to provide meal periods required by NYLL § 162 for every

day that Plaintiffs (and the FLSA and Rule 23 class members) worked.

139.     Though the Department of Labor commissioner may permit a shorter time to

be fixed for meal periods than hereinbefore provided, such permit must be in writing and

be kept conspicuously posted in the main entrance of the establishment. No such permit

is posted.

140.      Defendants' failure to provide the meal periods required by NYLL § 162 was not

in good faith.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment against

Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice

pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of

this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in

this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules

and regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and

regulations under, the FLSA as to Plaintiffs and the FLSA and Rule 23 class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules

and regulations under, the FLSA with respect to Plaintiffs', and the FLSA and Rule 23 class

members', compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to

Plaintiffs and the FLSA and Rule 23 class members;

(f) Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(g) Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA and Rule 23 Class;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the members of the FLSA and Rule 23 Class;

(j) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs and the members of the FLSA and Rule 23 Class;

(k) Declaring that Defendants violated the notice, recordkeeping, and wage statement requirements of the NYLL with respect to Plaintiffs', and the FLSA and Rule 23 class members', compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs', and the FLSA and Rule 23 class members', compensation, hours, wages; and any deductions or credits taken against wages;

(m) Declaring that Defendants' failure to provide the meal periods to Plaintiffs (and the FLSA and Rule 23 class members) required by NYLL § 162 was not in good faith.

(n) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiffs and the FLSA and Rule 23 class members;

(o) Awarding Plaintiffs and the FLSA and Rule 23 class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(p) Awarding Plaintiffs and the FLSA and Rule 23 class members damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q) Awarding Plaintiffs and the FLSA and Rule 23 class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r) Awarding Plaintiffs and the FLSA and Rule 23 class members prejudgment and post-judgment interest as applicable;

(s) Awarding Plaintiffs and the FLSA and Rule 23 class members the expenses incurred in this action, including costs and attorneys' fees;

(t) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
     April 8, 2021

/s/Henry Hong Jung____
Henry Hong Jung, Esq.
JUNG & ASSOCIATES, PC
***Attorneys for Plaintiffs***
470 Park Avenue South (Suite 7 North)
New York, New York 10016
Tel. No.: (212) 481-0800